IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-1680C** |
| **v.** | ) | |
| | ) | **(Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO TIME ENLARGEMENT MOTION**

The Plaintiff, Roxco, Ltd. ("Roxco"), responds to the Defendant's Motion for an additional 60 days to respond to the Complaint.

Roxco does not oppose a reasonable extension and advised counsel for the Defendant that Roxco would agree to a 30 day extension, or until February 15, 2005.

Rule 6 allows extensions based on good cause. While Defendant's counsel may have other commitments as all lawyers do, none of the stated commitments indicate that an additional 60 days is required to respond.

In effect, the Defendant seeks 4 months to respond to a Complaint for the recovery of a contract balance. Although Roxco's final application for payment was submitted on August 29, 2002 (See Complaint, paragraph 7), the Government engaged Roxco in protracted discussions concerning the final amount due Roxco (see Complaint, paragraph 8). In November of 2003, the Government indicated that the remaining balance was $189,415.24 (see Complaint, paragraph 9). Roxco repeatedly requested explanations for the calculations, but received no such explanation (Complaint, paragraph 10).

Finally, on March 4, 2004, $1^1/_2$ years after its final payment application, Roxco submitted a certified claim to the Defendant requesting a final decision for determination of the contract balance (Complaint, paragraph 11). Although the Government's final decision was initially due on May 15,

2004, the contracting officer advised of two thirty day extensions on its final decision and then failed to render a final decision, forcing Roxco's Complaint in this lawsuit (Complaint, paragraphs 14-17).

In light of the alleged delays already forced upon Roxco by the Defendant, continued requests for extensions to respond are, at best, perceived by the Plaintiff as unreasonable.

In thirty years as a practicing lawyer, Roxco's experience is that lawyers tend to take as much time as the Court will give them. Under the circumstances of this case, Roxco submits that a 30 day extension until February 15, 2005, or a total of 90 days to respond to the Complaint, is more than reasonable.

Dated: December __________, 2004.

Respectfully submitted,
Roxco, Ltd., Plaintiff

By: s/ E. Stephen Williams
E. Stephen Williams, its attorney

E. Stephen Williams
YoungWilliams, P.A.
2000 AmSouth Building
Post Office Box 23059
Jackson, MS 39225-3059
(601)948-6100.

**CERTIFICATE OF FILING**

I hereby certify that on this 22nd day of December, 2004, a copy of the foregoing "Plaintiff's Response to Time Enlargement Motion" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ E. Stephen Williams