IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROXCO, LTD., Plaintiff, | ) | |
| v. | ) | No. 04-1680C (Judge Bush) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2, for lack of knowledge or information sufficient to form a belief as to their truth.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent that they are supported by contract number F09650-95-C0378, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent that they are supported by the contract, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 5.

6. Admits plaintiff completed a significant portion of the contract work required under the basic contract as modified through amendment/modification P00005; avers that plaintiff completed only a portion of the work required under the contract by amendment/modification P00006 before it abandoned the work site and stopped paying its subcontractors; admits that the Air Force issued a Termination for Convenience to the extent supported by amendment/modification P00007, otherwise denies the allegations in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations in the second sentence of paragraph 6 to the extent supported by amendment/modification P00007 of the contract (Exhibit 1 to complaint), which is the best evidence of its contents; avers that the second page of amendment P00007 (not included by plaintiff as part of Exhibit 1 to complaint) indicates:

> B. NO PAYMENTS WILL BE MADE TO THE CONTRACTOR UNTIL ALL MONIES ARE SETTLED WITH THE SUBCONTRACTORS.
>
> C. IN CONSIDERATION OF THE MODIFICATION AGREED TO HEREIN AS COMPLETE EQUITABLE ADJUSTMENTS FOR THIS TERMINATION, THE CONTRACTOR HEREBY RELEASES THE GOVERNMENT FROM ANY AND ALL LIABILITY UNDER THIS CONTRACT FOR FURTHER EQUITABLE ADJUSTMENTS ATTRIBUTABLE TO SUCH FACTS OR CIRCUMSTANCES GIVING RISE TO THE FOREGOING CHANGES. IT IS THE INTENTION OF THE PARTIES THAT THIS MODIFICATION IS IN FULL SETTLEMENT OF ALL

COSTS, INCLUDING COSTS FOR DELAY, ASSOCIATED
WITH THE FOREGOING CHANGES.

Otherwise, denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10, for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise, the allegations contained in paragraph 11 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

13. Admits.

14. Admits the allegations contained in paragraph 14 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent that they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegation contained in paragraph 16 that the contracting officer has not issued a final decision; the remaining allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. Defendant's responses to paragraphs 1 through 17 of the complaint are incorporated by reference.

19. Denies.

20. The allegations contained in paragraph 20 constitute conclusions of law to which no answer is required; to the extent

they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 21, or to any relief whatsoever.

23. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

24. Plaintiff failed to submit proper invoices, with substantiation, as required by the Prompt Payment Act, 31 U.S.C. §§ 3901-07, and clause I-387 of the contract, in requesting one or more payments for partial performance of modification/amendment P00006.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
Major Lawrence M. Anderson
Trial Attorney
AFLSA/JACN
1501 Wilson Blvd., Room 606
Arlington, V.A. 22209-2403

February 11, 2005

CERTIFICATE OF FILING

I certify that on this 11th day of February, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease