**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-1680C** |
| **v.** | ) | |
| | ) | **(Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this joint preliminary status report:

### 1. Jurisdiction

Plaintiff states that this Court has jurisdiction of this case pursuant to the Contract Disputes Act of 1978, 41 USC, § 601 et seq. (the "CDA"). Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

### 2. Consolidation

The parties agree that this case should not be consolidated with any other case.

### 3. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

### 4. Deferral

The parties agree that proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

### 5. Remand/Suspension

The parties agree that no remand or suspension will be sought in this case.

Plaintiff states that the Court should consider whether, given the contracting officer's failure to issue a final decision concerning the certified claim of Plaintiff, Roxco, Ltd. ("Roxco"), the Court should stay proceedings in this action to obtain a decision by the contracting officer as permitted by § 605 (c) (5) of the CDA.

Defendant states that a stay for the purpose of obtaining an agency decision is not necessary in this case.

**6. Joinder of Additional Parties**

The parties agree that no additional parties will be joined.

**7. Motions Pursuant to RCFC 12 (b), 12 (c), or 56**

Plaintiff states that it does not intend to file motions pursuant to RCFC 12 (b), 12 (c), or 56.

Defendant states that it may move for summary judgment pursuant to RCFC 56, and it may file a dispositive motion concerning its affirmative defense that plaintiff failed to submit proper invoices, with substantiation, as required by the Prompt Payment Act, 31 U.S.C. §§ 3901-07, and clause I-387 of the contract, in requesting one or more payments for partial performance of modification/amendment P00006. These motions will be filed after the period for discovery has been completed.

**8. Relevant Issues**

By the Plaintiff:

Roxco submits that the relevant issues are:

a. How much money is owed by the Government to Roxco on Contract # F09650-95-C0378 for work performed and as a result of the issuance of a Termination for Convenience, dated January 13, 2000, and designated Modification P00007 to the Contract.

b. Whether the Contracting Officer has admitted that the Government owes Roxco at least $189,415.24 for work performed under the Contract.

c. How much interest is due to Roxco under the Contract Disputes Act.

d. Whether Roxco is entitled to recover its litigation costs, including attorney's fees, under the Equal Access to Justice Act, 42 U.S.C. § 1988.

By the Defendant:

The Government states that the relevant issues are:

a. Whether defendant has fully compensated plaintiff for work it performed and substantiated (the percentage of project completion) under the contract through modification P00006 until the time plaintiff abandoned performance in September 1998, and the resulting termination of the contract for the convenience of the Government.

b. Whether invoices submitted to defendant by plaintiff after plaintiff abandoned performance in September 1998 were accompanied by adequate substantiation to justify additional payment, and if so, how much additional payment is justified.

c. Assuming arguendo that defendant did not properly timely pay one or more invoices submitted by plaintiff, what interest, if any, is now due pursuant to the Prompt Payment Act.

**9. Settlement**

Plaintiff states:

As stated above, Roxco believes that the primary dispute is over how much money is owed by the Government to Roxco. Roxco believes the case should be settled without wasting further resources of the parties or the Court. Roxco believes the Court's ADR pilot program could assist in reaching a resolution of this dispute. Whether the case is submitted to ADR is up to the Government.

Defendant states:

Defendant anticipates continuing to pursue settlement negotiations as the parties proceed with discovery. Because plaintiff has indicated that it possesses no supporting documentation for its claims, other than the unsubstantiated invoices and a "home office" accounting document previously submitted to the agency, defendant believes that ADR would not be fruitful unless discovery provides some justification for plaintiff's claims.

**10. Trial**

If this matter cannot be resolved through settlement, the parties anticipate proceeding to trial.

Roxco requests an expedited trial and proposes that discovery be completed within a 90 day period and that the case be tried in less than 3 days with a bench ruling. Roxco requests that the trial be held in Jackson, MS, or in the United States District Court which is the closest to Warner Robins Air Force Base.

Defendant opposes expedited trial scheduling and requests that trial should take place in Washington, D.C.

**11. Electronic Case Management**

At this time, neither party is aware of any special issues regarding electronic case management needs.

**12. Additional Issues**

There is no additional information of which the Court should be aware at this time.

**13. Proposed Discovery Plan**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. Pursuant to RCFC Appendix A, paragraph 5, the parties propose the following discovery plan:

a. The parties propose that initial disclosures pursuant to RCFC 26 (a) (1) be served on or before April 25, 2005.

b. The Government proposes that fact discovery close on November 25, 2005, without specific time periods assigned to depositions, or other means of fact discovery.

c. Roxco proposes that deposition discovery take place between May 1, 2005 and July 25, 2005.

d. Roxco proposes that all discovery in this action be completed by July 25, 2005.

e. The Government proposes that, if plaintiff requires an expert witness, its expert report shall be due one month after the close of fact discovery; if defendant requires an expert witness, its expert report shall be due two months after the close of fact discovery; and expert depositions shall be conducted within three months after the close of fact discovery.

Respectfully submitted,

_s/_E. Stephen Williams__
E. STEPHEN WILLIAMS
YoungWilliams, P.A.
2000 AmSouth Plaza
Jackson, MS 39201
P.O. Box 23059
Jackson, MS 39225
601.948.6100

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

_s/_Donald E. Kinner__
DONALD E. KINNER
Assistant Director

_s/_Jeffrey S. Pease_
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 514-8624

Of Counsel:

Major Lawrence M. Anderson
Trial Attorney
AFLSA/JACN
1501 Wilson Blvd, Room 606
Arlington, VA 22209-2403

Attorneys for Defendant

April 4, 2005