IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROXCO, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1680C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, it is stipulated and agreed between the parties:

1. On March 31, 1995, plaintiff, Roxco, Ltd. ("Roxco"), entered into Contract No. F09650-95-C0378 (the "contract") with the Department of the Air Force for construction services and materials required for base housing renovations at Robins Air Force Base in Georgia.

2. On January 13, 2000, the contract was terminated for the convenience of the United States.

3. On March 4, 2004, pursuant to the Contract Disputes Act ("CDA"), Roxco submitted a certified claim to the contracting officer in the amount of "at least $276,466.55," alleged to be due because of Roxco's performance prior to termination of the contract. The contracting officer did not issue a final decision.

4. On November 16, 2004, Roxco filed this suit challenging the contracting officer's deemed denial of its certified claim.

5. Roxco has offered to settle each and all of its claims in this case in exchange for payment by the United States of $210,000, plus CDA interest from March 4, 2004, with each

party to bear its own costs, expenses, and attorney fees.

6. Roxco's offer has been accepted by the United States through an authorized representative of the Attorney General.

7. The United States consents to entry of judgment against the United States in favor of Roxco as set out in paragraph 5.

8. Upon payment of said judgment to Roxco, Roxco will release, waive, and abandon all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages. Roxco acknowledges that payment of any judgment by the United States may be subject to the provisions of 31 U.S.C. § 3728.

9. Upon entry of judgment, the United States releases, waives and abandons all claims against Roxco arising out of or related to the contract or otherwise involved in this case, except for fraud and any claims reserved by statute.

10. This stipulation is in no way related to or concerned with income or other taxes for which Roxco is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

11. Roxco warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Roxco further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims

advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Roxco, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

12. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other.

13. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Roxco. Defendant's counsel represents that he has been and is authorized to enter into this stipulation on behalf of the United States.

14. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

s/ E. Stephen Williams
E. STEPHEN WILLIAMS
YoungWilliams, P.A.
2000 AmSouth Plaza
Jackson, MS 39201
P.O. Box 23059
Jackson, MS 39225
Tel: (601) 948-6100

Attorney for Plaintiff

DATED: JAN. 20, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director
Authorized Representative
of the Attorney General

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-1011

OF COUNSEL:
Major Lawrence M. Anderson
Trial Attorney
AFLSA/JACN
1501 Wilson Blvd, Room 606
Arlington, VA 22209-2403

Attorneys for Defendant

DATED: January 23, 2006

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of January 2006, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease